et al. versus Luis V. Fortuno-Burset, et cetera, et al. Mr. Del Allegre, good morning. Good morning to you all. Welcome to Puerto Rico. This appeal is the sequel to the Ocasio-Hernandez decision of 2011 in which this Court reversed the District Court dismissal on equal grounds of a political discrimination complaint brought by 14 maintenance employees at a governance mansion. On this turn, the Court again dismissed the complaint of those 14 employees on summary judgment grounds, finding that there was no direct or circumstantial evidence showing political discrimination. These employees claim on this appeal that the District Court once again erred because there is conflicting evidence on the record supported by material facts that raise a genuine issue as to the reason as to why these employees were dismissed. Before I start, I would like to stress the narrowness of the question before the Court. Upon reading that police brief, I seem to be reading a brief showing the sufficiency behind the District Court's finding. But as you well know, for purposes of summary judgment, it is not the sufficiency of the Court's finding which is critical, but whether there is a genuine issue, a genuine controversy over conflicting narratives as to why these employees were discharged. And I aspire to show today that the record below shows that there is sufficient circumstantial evidence to show conflicting narratives for the jury to decide. I would also like to stress that this case is very narrow because under the relevant standard, if the plaintiff can show a prima facie case of political discrimination, the motion for summary judgment must be denied unless the defendant's proper evidence compels the conclusion that they would have been terminated for other reasons. Unless, in other words, they can show a manhealthy defense. For purposes of this appeal, the District Court did not find a manhealthy defense, and the District Court conceded three of the four elements of the prima facie case. So we are going to show that the fourth element of the prima facie case, which is the one at issue, there is evidence here. In order to show a prima facie case, you have to make a fourfold showing. First, here both sides concede that they belong to different political affiliations. So that is not an issue. Well, that's not totally true, though. I think there were some employees that belonged to the same party that just came into power. Excuse me. I'm sorry, Your Honor. You're going to have a hard time understanding me today. More than usual. It's my understanding from the record that some of the people that were discharged belonged to the same party as the party that was discharging. There is the testimony of one plaintiff in particular, Ivan Ayala, who claims that he voted in 2008 for Fortunio. But the testimony of that plaintiff is that he was perceived to be a member of the opposition political party because he was one of the employees who served at La Fortaleza during the past two administrations, which were PDP administrations. So the argument as to that particular employee is that even though he voted for Fortunio, he was not perceived to be an MPP member because he worked and was hired by the prior PDP administrations. But as to the rest of the employees, there is no controversy. Second, there is no controversy that there was an adverse employment action. I mean, termination of employment per se is an adverse employment action. Third, you must keep in mind that the district court did not find, did not address the fact that the defendants knew the plaintiff's political affiliation. It held that it was not going to view, if you look at page 11 of the decision, it finds that because the court dismisses plaintiff's claims on alternative grounds, it refrains from passing judgment on the knowledge requirement on the third step of the Prima Facie case. As this is a case on sovereign judgment, all inferences must be drawn favorably in favor of the plaintiff's position. Therefore, we believe that given that the judge did not decide on this issue, that it must be decided in favor of the plaintiff and that for purposes of the appeal, you must assume that the defendants knew of their political affiliation. That leaves us only with one issue in controversy, and that is the question of whether the plaintiffs were dismissed for political discrimination. The evidence on the record of political discrimination is ample and it falls within many of the fact patterns that over 50 presidents of this court have established. Here, most of the times you focus on the timing of the elections. If the determinations come after the new governor, it is an inference that may be made. It is not dispositive. But here, this case beats any timing decision because all the dismissal letters were prepared even before the governor assumed his office. Immediately after the election, the governor named Berlingeri and 20 other persons to prepare a personnel bank. They received 8,000 employees applications for different positions under the new government and before Just so I understand, your contention depends then on us assuming that they knew the political affiliation of each of the employees that was dismissed? Well, I think for purposes of the record that this report I understand that you say that we have to assume that. But I'm saying, suppose we didn't assume that. Could you win on summary judgment? Would you survive? How? Because the same evidence that shows political discrimination supports the inference that the employers knew Well, I guess maybe put it more directly. Is there anything in the record that shows that the persons responsible for terminating your clients knew the political affiliation of each person terminated? The most direct evidence that we have is that they were hired by the prior two popular party governors in the governor's mansion. They were not active political campaigners for the most part. So absent us assuming that the defendants knew the political affiliation of the persons who were terminated, there's nothing in the record that shows, that provides evidence other than the fact that they've been hired in the last administration, what their political party was. Judge Farron, there's no direct or spoken gone as to that. There's no admissions as to that. All there is is the fact that they were hired by the last administration. And other circumstantial evidence. What's the other circumstantial evidence of their political affiliation? First of all, they were all terminated immediately after the governor, even before the governor assumed office, as I was stating, all the dismissals letters were dated January 1st, 2009, the day before the governor assumed office. So these evaluations, there was no personnel evaluations of their job performance. Therefore, they were all terminated for no reason at all. But just on their political affiliation, what circumstantial evidence is there beyond the fact that they were hired in the last administration and fired in this administration? Well, in El Paso, the court says that if you have termination letters without any cause, that you may draw a reasonable inference that political discrimination, it was a cause. Not that you may draw an inference, but that the jury may draw that inference. If we look at their record... I'm under the impression, correct me, maybe you can help me. I'm sorry, have you finished your answer? I will. Go ahead, finish it. If you look at their record, there is no objective indicators that these employees were dismissed for any legitimate reason at all. There was no pre-termination hearing. There was no opportunity to be heard. There was no disciplinary proceedings. There was no insubordination by any one of them. So on that approach, you wouldn't have to put forward into the record any direct evidence in a case of the political affiliation of the people terminated? No, no. I think you have to show either by direct or circumstantial evidence that they knew the political affiliation. That's why I said your view is you don't have to put anything direct. My view is that the law allows you to show the knowledge by either direct or circumstantial evidence, and that the circumstantial evidence here allows the inference that they were all terminated because they were working under the prior to a popular democratic administration and that there's no reason on the record for their dismissal absolutely. I'm under the impression that somewhere in one of the hundred thousand cases we've decided in this area that we have held that just the evidence of an opposite party is not enough. You have to have a little more than that. But you have a little bit more than that here, Your Honor, because they claim in their deposition that they were some of them were dismissed for poor performance, yet that claim can be challenged because there is no objective evaluation of performance. They claim in their deposition that it was because of austerity defense, but the discourse had decided that when the employers raised an austerity defense, they cannot use it as a sword. I mean, they must point out as to this position why each individual defendant fell within the austerity defense. Here... You have a case if you can prove discrimination for political reasons. Any other kind of discrimination is not part of this case. Maybe they didn't like the color of their eyes or what have you. We are aware of that, Your Honor, but the facts allowing the inference of political discrimination are present here insofar as all these employees were simply terminated without reason following a change of election after having worked for two prior PDP administrations. They were substituted by other persons in their positions, so it's not that the positions were and that the dismissals were selective. They were based on subjective criteria, and insofar as you do not have impartial, neutral employment criterions for these dismissals, the jury is allowed to draw the inference that subjective, non-objective criterias could have been the political affiliation of these employees. All we are saying is that the record before you traces a genuine fact as to the motive for the political affiliation, and that the district court did not address the issue of whether the defendants had knowledge because it simply thought that it was foreclosed due to the absence of political discrimination. This case, Your Honor, is under the summary judgment standard. We have to look at the totality of the circumstances involved in this case in the light most favorable to the employees and drawing all favorable inferences in this label, and this case is no different than the multitude of other cases where you have found that the decision to dismiss reflects a strategy to oust employees that had worked during a prior administration simply for reasons that they were perceived to be members of the administration that lost the position. And I point to your decision of Rodriguez v. Sanchez of 2011, and as you well know, there's a... Was there direct evidence there of knowledge of the political affiliation of the people terminated? I think there, and in the case of Acevedo Diaz in which they terminated on the basis of a reorganization plan, the simple fact that everybody was fired but there were exceptions allowed the court... But just on my question, was there evidence in either of those cases of direct evidence of the political affiliation of the persons terminated? There has to be evidence either direct or circumstantial in order for the court to go forward. So I must say yes, there was evidence. The court found evidence either through direct or circumstantial evidence that there was knowledge of their political affiliation. I sense that the court is concerned with respect as to the sufficiency of the evidence with respect to the knowledge of the plaintiff's political affiliation. So I would like to emphasize once again, note that at this stage, at the summary judgment stage, since the district court did not withdraw, if there are any factual conclusions... Can I just ask you about that? Maybe I'm misreading the record, but I thought there's a two-page July 2nd order. Is that on summary judgment? There's a two-page July 2nd? Yeah, order. From the district court. That's this case? Yes? And I thought he says, maybe I'm misreading the record. Finally, and most important, plaintiffs must evidence that at the time of adverse employment action, defendants were aware of each individual's political affiliation. Plaintiffs fail as to this. If you allow me to answer, my time is up. The order on appeal does not go that far. The order on appeal expressly says, I'm not addressing the issue at this moment. So I think that we have to go for purposes of the appeal, and for purposes of summary judgment, we have to abide by why the court said it was acknowledged at the time. And the court simply did not address the issue. Therefore, for purposes of summary judgment, you must draw those inferences not against the plaintiff, but in their favor. That's an issue under these circumstances that should go to the jury. Are we supposed to ignore that order? I'm sorry? The order that Judge Barrett just read, do we just ignore it? Well, it was superseded by the order on appeal. But we draw the inferences based upon the evidence of the record. It's not just that we draw the inferences in a vacuum. We have a right to look at what factual assertions and evidence was before the district court and draw inferences based upon what the district court had before it. It's not to just draw an inference in the absence of the court making no finding on that point. Isn't that correct? It is correct, but all inferences, I mean, unless they're foreclosed to the jury, unless you can say with certainty that there's no possibility that the defendants had knowledge of the plaintiff's political affiliation, and that's not the case here. That issue is not foreclosed. The judge simply did not address it, but it did not foreclose the possibility that the jury could reach that conclusion. But, you know, the fact that every single one of the employees terminated testified, there were depositions, I believe, that they were not active politically, that they did not discuss politics in their work, that politics was not discussed in their work, that would mean that the only evidence you have of political discrimination is that they worked during other previous administrations. Well, there's other evidence of political discrimination. For example, there's the evidence that they claim that the governor's wife said that we have to clean the kitchen of these employees. There's their supervisor who had the... How is that evidence of political discrimination? Well, in the context... It's the evidence that she wanted to fire them, but how is it evidence that she wanted to fire them for politics? Well, it is betrayed by the evidence that subsequently other employees were hired for the positions that these plaintiffs occupied. Well, maybe they weren't cleaning the kitchen. And I believe that would be a good grounds for it, but if there was an objective evaluation as to that effect, and there is none, then it would certainly help your conclusion. But the fact that there is no objective evaluation as to any of these plaintiffs certainly undermines the argument or the conclusion, the finding that they were incompetent in their positions. Basically, there's no reason given by the administration supported on the record to show that they were either incompetent, or there was no money to pay them, or that they were not replaced by other persons. Thank you. Thank you for your time. Ms. Mercado, good morning. Good morning. Attorney Margarita Mercado, on behalf of Defendant Appellee Luis Fortuno Lucevera Berlingeri and Juan Carlos Blanco. I would like to begin by clarifying the question posed by Judge Barron regarding the order at Docket 173. That's the first order issued by the district court dismissing the case against three of the defendants, which was the Governor, the First Lady, and the Chief of Staff. In that sense, the court stated specifically that there was no evidence at summary judgment to show that these defendants had any involvement in the terminations, and more importantly, that there was no indication at summary judgment that they were aware of plaintiff's political affiliation. The court did not dismiss the case as a whole at that juncture because it had doubts about the fourth defendant, Berlingeri, who was the administrator of the Governor's Mansion. And in that sense, the court convened an argumentative hearing for the parties to address the summary judgment motions exclusively as to Berlingeri. After that hearing, the court dismissed the case as a whole and issued the final judgment. But both judgments are, it is my understanding from the documents, in this appeal that both of them are on appeal because plaintiffs are arguing that the case should not have been dismissed as to any of the defendants. And in that sense, the court did address the absence of evidence regarding knowledge of political affiliation. In the case of Berlingeri, as the broader council read page 11 of that opinion and order, the court declined to address that issue of the merits because it found that there was no evidence that political affiliation was a motivating factor behind the firings. So that is why it decided not to address the issue of knowledge. But the summary judgment record is clear that none of the defendants, including Berlingeri, were aware of plaintiff's political affiliation. So as Judge Thompson was stating before, this court must review and should review the entirety of the summary judgment record and should conclude that there is simply no evidence of knowledge. And as to that, I would like to point out that in the prior appeal, this court read the amended complaint and found that there were plausible allegations, but none of those allegations were able to be proven at summary judgment. None of the allegations included in paragraph 15 of the first amended complaint, there is no evidence to support that in the summary judgment record. So plaintiffs utterly failed to support their argument that there was a politically charged adversary at the governor's mansion. There is no evidence that political logos or that politics were discussed at La Fortaleza. Plaintiffs, the 14 plaintiffs admitted that politics were not discussed, that they did not discuss their political affiliations with anyone at the governor's mansion. So none of the allegations that plaintiffs put forth in their complaint have any basis in the summary judgment record. And in that sense, that is why the district court found that there is no way, there is no manner in which it could draw a conclusion that political discrimination was a factor in the terminations. As you heard Brother Counsel state, there What about the argument, though, that there was the assumption that because they had worked for two prior advisory party administrations. That's precisely what I was going to discuss now. That, plus the fact that there was just such a broad cleaning out, I mean it was a cleaning out across the board. We're left with trying to ponder why that took place. First of all, as to the assumption or perception that they belonged to a PDP prior administration, the summary judgment record, that's a legal argument. That's an argument that plaintiffs put forth on appeal, but there's no evidence at the summary judgment that that perception existed. Two of the prior NPP administrations, so they had been there for years before the prior PDP administrations. PDP employees were maintained at a fortaleza, and there is uncontroverted evidence that the firings in the first months of the administration were due to an administrative order that is part of a record stating that all agencies, including the governor's mansion, had to cut back on personnel 30 percent. And that is precisely what happened in this case. There were some firings because they didn't have budget to cover all those positions, and some firings were also due to performance. But there's evidence in the record What about the replacements? There's no evidence in the record, and Defendant Berlingeri testified that not all positions were filled. Some were filled, but plaintiffs have not put any evidence that they were all ever filled. And more importantly, there's no evidence that all of those positions were filled by NPP supporters, that NPP employees were given better positions during the new administration. They like to put forth that perception, but that cannot be equated with knowledge. And if the court reviews the record, there's no evidence put forth by plaintiffs showing that there was a massive layoff of PDP employees. There were layoffs due to budgetary reasons, but there were other concerns aside from political considerations. And I would like to point out that the termination letters were not issued. There's no evidence in the record that those letters existed in the beginning of January. The letters are dated in February and March 2009, so that's important to clarify. And at Docket 156, this court could find the termination letters and their appropriate dates. Can I just go back to the two orders just so I understand what it is that the District Court did and what we would then be reviewing? So the first order says that as to three of the defendants, the reason why summary judgment is granted is there's no evidence in the record that those three defendants knew the political affiliation of the persons fired. And there's no finding on the question of whether if they had known there was evidence that the motivation for firing them was political. That just doesn't come up as to those three defendants, right? The court stated that those defendants were not aware of the political affiliation. So it never got to the issue of what the record showed about whether they would have been motivated politically. No. Okay, and then as to the fourth defendant, he assumes that the fourth defendant knew the political affiliation of the persons fired, but concludes that as to that defendant, there's no evidence that he was motivated for political reasons in firing them. Is that the state of the record? I would disagree on the assumption part. The court said he would not go into that because there were alternate grounds because it wasn't a substantial motivating factor behind Berlingeri's decision. But he never assumed that the record supported an inference of knowledge by Berlingeri. That's not part of the record. What ground are you asking us to affirm summary judgment on? The ground that the district court gave or a different, broader ground that none of the defendants knew the political affiliation of anyone and that none of the defendants were politically motivated? It's that they there was no knowledge by any of the defendants and there's no this court cannot draw an inference that political discrimination was a factor or a motivating factor behind the firings, both of them. But that's not a finding that the district court made as to all four just because of the way the orders presented. The knowledge finding was not made explicitly as to Berlingeri. And the motivation finding was not made as to the other three defendants. That's correct. But there's no indication in the record that the courts thought that the summary judgment record was in favor or an inference should be drawn in favor of plaintiffs. It just decided to issue a decision on narrow grounds. But not that the summary judgment record could support plaintiffs' position. So it is our position that there is no evidence of political discrimination or knowledge by the defendants. And I would like to stress that this is a case that this court agreed that the pleadings were sufficient but then after the discovery ensued and none of the plaintiffs were able to support any of the allegations. There were serious allegations in the complaint and they were asked about those allegations in the deposition and they could not identify any conversation with defendants regarding, aside from saying hello in the morning or in the afternoon, they couldn't identify how or under what circumstances defendants knew their political affiliation and they ground their claim on appeal on the date of hire of those employees. And the case law in the circuit does not sustain that argument and it's not sufficient. This court requires knowledge. It's more than awareness of political affiliation. It's knowledge. So by definition, as a legal matter, timing or  knowledge that is required for a political discrimination case. And I would like to clarify, but our counsel stated that they were substituted by other employees from the MPP and I would like to stress there is no evidence in the summary judgment record as to which employees were substituted and what political affiliation they belong to. So that doesn't allow this court to draw an inference of political discrimination either. I guess just about the government's position whether the political affiliation cases that we have, whether your argument means to suggest that the same analysis applies even though we're talking about employees of the governor's mansion or whether the standard is altered at all because of the unusual location that we're talking about for these employees. I do believe that there's case law in the circuit on the pleadings, on the motion to dismiss stating that the fact that it may be within the office of the governor, the Penal Vergas was within the office of the governor, but it was on the motion to dismiss. And this court considered the timing of the firings and the fact that it was a governor's mansion, but that was to draw a reasonable inference on the pleadings. It's a different matter on summary judgment because in the Ocasio case, the prior appeal, this court clearly stated that that isn't enough. That timing wouldn't be enough. You could draw an inference But on the other side, you're not making any argument that because these are employees of the governor's mansion, the relatively strict standard against political discrimination that otherwise applies is somehow reduced here. In other words, the same strict limitations on political firing that occur for firing employees in a department, you think applies equally strongly in the case of employees at the governor's mansion at least given the level of employees that we're talking about. It is the same standard that has to be evaluated against the evidence at summary judgment stating that even though it's a governor's mansion, it is uncontested that it is a large workplace. There are hundreds of employees there, and it is uncontested that the governor and the other defendants did not know personally these employees. And there is no indication and plaintiffs have not put forth any evidence that the nature of their employment made them particularly subject to knowledge by the defendants of their political affiliation. So it would be the same standard, but in this case, there's no manner in which an inference should be drawn either from the nature of the workplace or the relationship that actually ensued and plaintiffs explained they had with the defendants, particularly because plaintiffs, all of them stated that they did not discuss their political affiliations with anyone in the workplace. So there is no manner in which this court could draw an inference of political discrimination. I would like to draw this court's attention to the Gonzalez de Blasini case. It's an opinion by Judge Torreja in which at summary judgment it was stated that the plaintiff did not shoulder the burden of a political discrimination case and that the plaintiff could not rest her case on the fact that she was a trust employee or an allegation that she was an activist within a political party. I think that would be a direct precedent showing that at summary judgment, this general allegations of perception of the fact that I belong to a party absent any evidence that that was known at the workplace by the defendants that is simply not enough. Did you cite that case in your brief? I believe so, yeah. It's 377 F 3rd 81. Gonzalez de Blasini. Any other questions? Thank you.